## Ferro v. Ferro

*Gerald A. Kinchey,* for counterclaimant.
*Sean P. McDonough,* for counterclaim defendants.

MOTT, *J.,* December 18, 1992—On October 5, 1990, Eugene Ferro, counterclaimant, was served with a petition for contempt filed in the Court of Common Pleas of Bradford County alleging that he owed $89,826.27 in support arrears based on an amount of $700 per month. Georgia Ferro and representatives of the Bradford County Domestic Relations Office, counterclaim defendants, amended the contempt petition twice.

Subsequently, on July 1, 1991, the counterclaimant answered the first and second amended contempt petitions and filed a new matter and a counterclaim. The counterclaim seeks attorney's fees against the defendants jointly and severally on the grounds that the action for contempt is bad faith and vexatious litigation.

Attorney Leonard J. Frawley, acting on behalf of himself as well as the other counterclaim defendants, fashioned and filed preliminary objections on August 14, 1991. The basis of the preliminary objection was that the counterclaim was not founded upon the transaction, occurrence or series of transactions or occurrences out of which the original cause of action arose.

On April 10, 1992, Attorney Sean P. McDonough entered his appearance on behalf of Leonard Frawley and Georgia Ferro, the counterclaim defendants in the case. Upon review of the original preliminary objection of his clients, he maintained that the original preliminary objection was appropriate, but the grounds for the preliminary objection were "misstated." The revised argument of the counterclaim defendants is that the counterclaimant has failed to allege the existence of any contractual provision or statutory authority allowing him to recover attorney's fees.

On September 24, 1992, this court dismissed the counterclaim for attorney fees and held that the counterclaim defendants were protected by judicial immunity from

having to pay attorney fees and costs. Shortly thereafter, however, the counterclaimant filed a petition for reconsideration and, on October 8, 1992, the court vacated and rescinded its former order. Both parties appeared at reargument on the preliminary objections. During the hearing, the court specifically directed the attention of the parties to the impropriety of raising the claim for attorney's fees in the underlying action rather than at the *conclusion* of the action. The parties addressed this issue as well as other issues, and the matter is now before the court for disposition.

## DISCUSSION

The counterclaimant, Eugene Ferro, argues that he is entitled to seek reasonable counsel fees under 42 Pa.C.S. §2503(7) and (9). Title 42 Pa.C.S. §2503 provides as follows:

"The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:...

"(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter....

"(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith."

According to the counterclaimant, there is no basis for enforcement of the contempt petition because the last order of this court expired by its own terms on January 31, 1977. We recognize the possible merit of this argument. However, the language at the beginning of section 2503 clearly states that participants shall

be entitled to a reasonable counsel fee "as part of the taxable costs of the matter." The court cannot impose costs until the conclusion of the case, and the counterclaimant's request for attorney's fees is, therefore, premature.

In a recent case, *Shevchik v. Zwergel,* 8 D.&C.4th 66 (1990), the court reached a similar conclusion. In the *Shevchik* case, the court held that a claim for attorney's fees under 42 Pa.C.S. §2503 was not properly raised in the underlying action in new matter. Instead, the claim should be raised at the conclusion of the underlying action, utilizing the record and history in the underlying action as a basis to support the claim.

In addition, the basis of the original preliminary objection was that the counterclaim did not satisfy the requirements of Pa.R.C.P. 1510. According to Rule 1510, a counterclaim must arise from the same transaction or occurrence, or series of transactions or occurrences, out of which the original cause of action arose. A claim for attorney's fees relates only to the initiation of the actual litigation itself and is collateral to the cause of action. This interpretation is consistent with the holding in the *Shevchik* case, and we see no reason to decide otherwise.

For the foregoing reasons, the court enters the following:

## ORDER

And now, December 18, 1992, in accord with the opinion filed this date, the counterclaim seeking attorney's fees against the counterclaim defendants jointly and severally, on the grounds that the action for contempt is bad faith and vexatious litigation, is stricken. Thus, the preliminary objection to the counterclaim for attorney's fees for such action is sustained.